[707 NYS2d 741]

In the Matter of LUKE J. HOBIKA, a Suspended Attorney, Respondent.

Fourth Department, May 10, 2000

## APPEARANCES OF COUNSEL

*Anthony J. Gigliotti,* Syracuse, for Fifth Judicial District Grievance Committee.

*Hancock & Estabrook, L. L. P.,* Syracuse (*Kevin E. McCormack* of counsel), for respondent.

*Timothy A. Moore,* Syracuse, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court

on July 17, 1997 and maintained an office for the practice of law in Utica. On December 23, 1999, respondent was convicted in Syracuse City Court of criminal solicitation in the fourth degree (Penal Law § 100.05), a class A misdemeanor. Respondent was sentenced on December 23, 1999 to a one-year conditional discharge, payment of a fine in the amount of $1,000 and payment of restitution to the County of Oneida in the amount of $22,000. This Court determined that criminal solicitation in the fourth degree is a serious crime pursuant to Judiciary Law § 90 (4) (d) and, on January 26, 2000, respondent was suspended and directed to show cause why a final order of discipline should not be entered (269 AD2d 878). Respondent appeared before the Court and submitted matters in mitigation.

Respondent and his brother, Joseph, Jr., represented a claimant in a Workers' Compensation case. The claimant was classified by the Workers' Compensation Board (Board) as permanently partially disabled as a result of neck and back injuries and was receiving weekly benefits. Joseph, Jr. negotiated a lump-sum settlement with the Board on behalf of claimant. Unbeknownst to the Board, claimant was suffering from cervical cancer and was unable to appear at the hearing scheduled on the claim because she was hospitalized. Luke solicited claimant's sister to impersonate claimant and to give sworn testimony at the hearing. Luke "coached" claimant's sister regarding the testimony and arranged to have another attorney, who had no knowledge of the scheme, appear in his place at the hearing. The substitute attorney appeared with claimant's sister at the hearing, and she gave perjured testimony. Based upon that testimony, the Board approved a lump-sum settlement in the amount of $22,000 and issued a check to claimant. A few days later, claimant died.

Respondent admits that he solicited a witness to give perjured testimony at an administrative hearing. Respondent's crime involves interference with the administration of justice, a serious crime that required immediate suspension pursuant to Judiciary Law § 90 (4) (d). The type of misconduct engaged in by respondent strikes "at the very heart of our system of administration of justice" (Matter of Dallal, 31 AD2d 442, 447) and serves to undermine public trust and confidence in the legal profession (see, Matter of Sajous, 250 AD2d 331). The conduct of respondent in involving a layperson and an unsuspecting attorney in the scheme is an aggravating factor (see, Matter of Dallal, supra, at 447).

We have considered the mitigating factors submitted by respondent. We reject the attempt by respondent to minimize his misconduct by attributing his actions to a misguided desire to assist a dying client in fulfilling her wish to avoid burdening her survivors with her debts. We conclude that respondent has demonstrated that he is unfit to practice law. Accordingly, respondent is disbarred.

PIGOTT, JR., P. J., GREEN, PINE, WISNER and SCUDDER, JJ., concur.

Order of disbarment entered.